# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2026

Lyle W. Cayce
Clerk

No. 25-30687
Summary Calendar

BRIAN A. VEALS,

*Plaintiff—Appellant*,

*versus*

JOHNNY HEDGEMON, *in his official and individual capacity*; BOBBY J. GUIDROZ, *in his official and individual capacity*; SHAUNN CALLIER HARDEN, *in her official and individual capacity*; DEREK METOEYER, *in his official and individual capacity*; JESSIE BELLARD, *In His Individual & Official Capacity*; JAMES DOUCET, *In His Individual & Official Capacity*; GLEN MAYER; WYDETTE WILLIAMS; CARLA COSTELLO; WILLIAM M. GAAR; GREGORY J. DOUCET; NURSE FROST; NURSE D; KENDALL THOMPSON,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:24-CV-1801

---

Before GRAVES, WILSON, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30687

Brian A. Veals, inmate # 444532 who is confined at the B.B. Rayburn Correctional Center in Angie, Louisiana, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint under 42 U.S.C. § 1983, wherein he contended that various defendants were deliberately indifferent to his serious medical needs and that various defendants opened his legal mail outside of his presence.

As to his deliberate-indifference claims, the district court concluded that they were prescribed because Veals filed his suit in December 2024, which was more than one year after he became aware of his claims, which was when the Louisiana prescriptive period then in effect had expired. *See Bradley v. Sheriff's Dep't St. Landry Parish*, 958 F.3d 387, 391 (5th Cir. 2020); *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019). Veals has not shown that he will raise a nonfrivolous argument on appeal that the court erred or that the prescriptive period was suspended through the application of the doctrine of contra non velenem or otherwise. *See Harris v. Hegmann*, 198 F.3d 153, 158 & n.5 (5th Cir. 1999).

As to his mail-opening claims, Veals does not challenge the district court's conclusion that those claims failed to raise a cognizable constitutional issue under § 1983. *See Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). Any such challenge is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Based on the foregoing, Veals has not shown a nonfrivolous issue for appeal. Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.

No. 25-30687

1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Veals is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).